UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GARY TASSONE           :
                       :
v.                     :           C.A. No. 23-00217-WES
                       :
WAYNE SALISBURY, et al. :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Plaintiff is serving a life sentence at the Rhode Island Adult Correctional Institutions ("ACI"). On May 24, 2023, he filed a pro se Complaint challenging the adequacy of his medical care. (ECF Nos. 1 and 1-1). His Complaint was accompanied by a Motion for a "TRO-Injunction" to prevent retaliation from all prison staff including, but not limited to, excessive cell searches, loss or transfer of job, false disciplinary action, or other harassment, physical or verbal. (ECF No. 3). Plaintiff's Motion for TRO has been referred to me for a report and recommendation. 28 U.S.C. §636(b)(1)(B). For the following reasons, I recommend that Plaintiff's Motion for TRO be DENIED.

"When considering a request for interim injunctive relief, the court must be guided by the traditional equity doctrine that preliminary injunctive relief is an extraordinary and drastic remedy that is never awarded as of right." Tavares v. Macomber, No. CV 18-606MSM, 2019 WL 6696142, at *1 (D.R.I. Dec. 9, 2019) citing Harris v. Wall, 217 F. Supp. 3d 541, 552-553 (D.R.I. 2016). In order to obtain a preliminary injunction, the moving party bears the burden of showing that: (1) he will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the nonmovant; (3) he has

a likelihood of success on the merits; and (4) the public interest will not be adversely affected by the granting of the injunction. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and Hasbro, Inc. v. MGA Entm't Inc., 497 F. Supp. 2d 337, 340 (D.R.I. 2007). "Though all elements are vital, 'the prime requisite for injunctive relief is the threat of irreparable future harm.'" Meo v. Wall, No. CA 01-467 T, 2002 WL 1889138, at *1 (D.R.I. July 18, 2002) quoting National Tank Truck Carriers, Inc. v. Burke, 608 F.2d 819 (1st Cir. 1979). "The harm cannot be speculative, and subjective apprehensions and predictions cannot establish an immediate threat of irreparable harm." Id. citing In re Rare Coin Galleries of Am., Inc., 862 F.2d 896, 901 (1st Cir.1988). "Thus, injunctive relief will not issue against something merely feared to occur at some indefinite time in the future." Id. (citation omitted).

In addition to the legal standard for a preliminary injunction which is outlined above, the Court must consider the additional restrictions on injunctive relief imposed by the Prison Litigation Reform Act ("PLRA"). Under the PLRA, any temporary restraining order or preliminary injunction entered must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C § 3626(a)(2). See also Harris, 217 F. Supp. 3d at 553. "In interpreting the text of § 3626, courts must be guided by Congress's 'ambient intent' to curb the involvement of the federal judiciary in the day-to-day management of prisons." Tavares, 2019 WL 6696142, at *2 quoting Morales Feliciano v. Rullan, 378 F.3d 42, 50 (1st Cir. 2004).

Evaluating Plaintiff's request for injunctive relief against the guideposts outlined above, especially in light of his status as a prisoner subject to the PLRA, the Court concludes that his

Motion is deficient.  Putting aside the issue of Plaintiff's likelihood of success on the merits for his underlying Constitutional claims, Plaintiff has simply made no showing of an imminent threat of immediate irreparable harm.  His TRO request is not based on the circumstances of his underlying claims.  Rather, he seeks an order preventing future retaliation presumably motivated by his filing this lawsuit.  His concerns regarding potential future retaliation are completely unsupported by fact at this time.  Such speculative and subjective apprehensions of the possibility of future unspecified retaliation at some future indefinite time cannot form the basis for an order of injunctive relief.  Further, Plaintiff's request also inappropriately seeks to limit the ACI's broad discretion regarding operational decisions such as the need for cell searches or prison job assignments and thus it potentially would negatively impact institutional security. The public interest does not favor the granting of the instant Motion as it would undermine the authority of Defendants who are employees of the Rhode Island Department of Corrections ("DOC") and would also unduly interfere with the day-to-day operation of the DOC.  Absent a more compelling and non-speculative showing, the Court has no legal or factual grounds to issue the injunction requested by Plaintiff.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for a temporary restraining order and preliminary injunction (ECF No. 3) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v.

Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 17, 2023